UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>DEFENDANT NO. 1: $7,900.00 IN  )<br>UNITED STATES CURRENCY, More or  )<br>Less;  )<br>  )<br>DEFENDANT NO. 2: $2,100.00 IN  )<br>UNITED STATES CURRENCY, More or  )<br>Less;  )<br>  )<br>  )<br>Defendants.  )<br>_____ ) | Case No. 19-01244 |

**COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Annette Gurney, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1.  This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: Defendant No. 1: Approximately $7,900.00 in United States currency and Defendant No. 2: Approximately $2,100.00 in United States currency for violations of 21 U.S.C. § 841.

## THE DEFENDANTS IN REM

2. The defendants consists of two amounts of money, approximately $7,900.00 in United States currency and approximately $2,100.00 in United States currency, that were seized from mail parcels addressed to Kieu Nguyen by the United States Postal Service on or about March 19, 2019 in Wichita, Sedgwick County, Kansas, in the District of Kansas. The defendants are currently in the custody of the United States Postal Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendants. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendants are located in this district.

## BASIS FOR FORFEITURE

6. The defendants are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because they constitute 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled

Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

7. Supplemental Rule G(2)(f) requires this complaint to state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Such facts and circumstances supporting the seizure and forfeiture of the defendants are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendants; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the defendants; that the defendants be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney

*/s/ Annette Gurney*
ANNETTE GURNEY, #11602
Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
Fax (316) 269-6484

# DECLARATION

I, Paul B. Shade, am a Postal Inspector with the United States Postal Inspection Service in the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __10th_____ day of September, 2019.

*[signature: Paul B. Shade]*

_____
Paul B. Shade
Postal Inspector
United States Postal Inspection Service

## AFFIDAVIT IN SUPPORT OF COMPLAINT FOR FORFEITURE

I, Paul Shade, having first been duly sworn, do hereby state the following:

1. I am a United States Postal Inspector with the United States Postal Inspection Service (USPIS), and have been so employed since July, 2004. I am currently assigned to the Kansas City Field Office of the Postal Inspection Service and have experience enforcing federal mail and drug laws. This affidavit is based on my own personal knowledge and information given to me by other Postal Inspectors and other law enforcement personnel.

2. I received basic training for approximately 12 weeks from the United States Postal Inspection Service regarding individuals using the United States Mail to transport controlled substances and proceeds from the sale of controlled substances as well as the use of Postal Money Orders to launder the proceeds of controlled substances. I received formal training for one week in January, 2009, when I attended the United States Postal Inspection Service Narcotics training course in Potomac, Maryland. This training involved narcotic investigation techniques, chemical field testing, and training in the identification and detection of controlled substances and narcotic proceeds being transported in the United States Mail and other commercial carriers.

3. This affidavit is written in support of a Complaint for Forfeiture for the following property:

   A. $7,900.00 in United States currency, more or less;

   B. $2,100.00 in United States currency, more or less.

4. On March 19, 2019, while at the Postal Service's Processing and Distribution Center, located at 7117 W. Harry St, Wichita, Kansas 67276, I observed three Express Mail

parcels all mailed from the same sender in Wichita KS destined for two different recipients in California.

5. Subject Parcel 1 bearing tracking number "EE421520118US," addressed to "Earnie Hooks, xxx E. 61st St, Long Beach, CA 90805" with a return address of "Timmy Wong, xxxx S. Meridian #139, Wichita, KS 67217" was mailed on March 19, 2019 from Wichita, KS Post Office 67216. Further, this parcel weighed approximately 8.2 ounces and bore $25.50 in postage ("Subject Parcel 1"). Investigation revealed that the $25.50 in postage was paid for with cash.

6. Subject Parcel 2 bearing tracking number "EE421520104US," addressed to "Kieu Nguyen, xxxx Rockmont Ave, Westminster, CA 92683" with a return address of "Timmy Wong, xxxx S. Meridian #139, Wichita, KS 67217" was mailed on March 19, 2019 from Wichita, KS Post Office 67216. Further, this parcel weighed approximately 9.3 ounces and bore $25.50 in postage ("Subject Parcel 2"). Investigation revealed that the $25.50 in postage was paid for with cash.

7. Subject Parcel 3 bearing tracking number "EE258844037US," addressed to "Kieu Nguyen, xxxx Rockmont Ave, Westminster, CA 92683" with a return address of "Timmy Wong, xxxx S. Meridian #139, Wichita, KS 67217" was mailed on March 19, 2019 from Wichita, KS Post Office 67216. Further, this parcel weighed approximately 9.3 ounces and bore $25.50 in postage ("Subject Parcel 3"). Investigation revealed that the $25.50 in postage was paid for with cash.

8. I queried the Subject Parcels' listed return address information (Timmy Wong, xxxx S. Meridian #139, Wichita, KS 67217) in the CLEAR Law Enforcement Database as well as the US Postal Service Address Management System. Wong was not identified as being

associated to the lot number; however, he is associated with a different lot number at the same street address.

9. On March 19, 2019, I contacted Wichita Police (WPD) Sgt. Ben Jonker and coordinated an exterior odor search of the Subject Parcels at the Postal Inspection Service Office conference room in Wichita Kansas. I placed the Subject Parcels in the conference room, where other similar empty boxes were located in the facility. At approximately 8:35 pm, I observed Sgt. Ben Jonker and his certified narcotic canine, Oz, search the area. I observed Oz search the area and then sat next to the subject parcels 1, 2, and 3. Sgt. Ben Jonker stated Oz's actions indicated he had alerted to the Subject Parcels as emanating a narcotic odor.

10. Sgt. Jonker is currently employed as a canine handler and unit supervisor for the Wichita Police Department K-9 Unit. Sgt. Jonker was first assigned Police Service Dog Oz in September of 2018 and began the basic training class on September 10, 2018. Sgt. Jonker and Oz were certified by the Kansas Highway Patrol as a Narcotics Detection Dog Team on October 17th, 2018. Police Service Dog Oz received approximately 200 hours of training in the detection of marijuana, methamphetamine, cocaine, and heroin during the basic training class. PSD Oz is trained to give a passive indication, meaning that when he locates one of the odors he is trained to detect, he sits or goes into a down position at the source of the odor. This is the second Police Service Dog (PSD) that Sgt. Jonker has been assigned. Sgt. Jonker had worked PSD Kilo, who was a certified narcotics/patrol dog, from August 2015-August 2018.

11. On March 19, 2019 I contacted Subject Parcel 1 recipient Earnie Hooks at phone number 818-xxx-xxx x and after identifying myself as a United States Postal Inspector, I asked if he was expecting any parcels from Wichita and he stated that he was expecting a package from Wichita, but was not sure of the contents. Hooks emailed the sender, then called me back and

3

said that the package only contained comic books and that I could go ahead and open the parcel. After opening Subject Parcel 1 in the presence of WPD Detectives, Miller and Martin, we discovered a vacuum sealed bag containing gift wrapping paper covering a blank greeting card inside its envelope. Inside the greeting card was a blank crossword book with $1,600.00 US currency hidden inside. I then called Hooks and explained what we'd found and he said that he "did not want anything to do with it." I explained that we would be seizing the cash and he said that was "fine."

12. On March 19, 2019, I contacted Subject Parcel 2 & 3 recipient Kieu Nguyen at phone number 714-xxx-xxxx and after identifying myself as a United States Postal Inspector, I asked if she was expecting any parcels from Wichita and she stated that she was not expecting any packages from Wichita. I explained that I had some concerns over the contents of the two parcels and Nguyen consented to opening the parcels and said she did not order anything. I asked if she would like me to call her back after opening the parcels and she said "that's fine."

13. Detectives Miller, Martin, and I opened Subject Parcel 2 and discovered a vacuum sealed bag containing gift wrapping paper covering a blank greeting card inside its envelope. Inside the greeting card was a blank word search book with $2,100.00 US currency hidden inside.

14. Detectives Miller, Martin, and I opened Subject Parcel 3 and discovered a vacuum sealed bag containing gift wrapping paper covering a blank greeting card inside its envelope. Inside the greeting card was a blank crossword book with $7,900.00 US currency hidden insid e.

15. The USPIS initiated administrative forfeiture proceedings against the currency recovered from the three parcels. No person filed a claim for the $1,600.00.

16. Based on my training and experience, I know that drug traffickers have utilized the U.S. Mail system in transporting U.S. currency (illegal narcotic proceeds) to an illegal narcotic source. In this case, there is probable cause to believe Timmy Wong utilized the U.S. Mail system to further narcotics trafficking in the Wichita Kansas area by mailing the three parcels containing cash.

17. Based on the information above, I have probable cause to believe that the two money parcels containing $2,100.00, and $7.900.00 seized by the U.S. Postal Inspection Service constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of Title 21, U.S.C. § 841 et seq. Accordingly, the property is subject to forfeiture pursuant to Title 21, U.S.C. § 881.

*Paul B. Shade*

Paul Shade, U.S. Postal Inspector
U.S. Postal Inspection Service

SUBSCRIBED AND SWORN TO before me this 12th day of September, 2019.

*Michelle R. Kellogg*
Notary Public

My Commission Expires: 11/2/22

MICHELLE R. KELLOGG
Notary Public - State of Kansas
My Appt. Expires 11/2/22